107-08/WJP

FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
80 Pine Street
New York, New York 10005-1759
(212) 425-1900
William J. Pallas (WP 6201)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NOBLE AMERICA'S CORP.,

|  |  |
|---|---|
| Plaintiff, | 08 Civ. 1552 (LAK) |

Against

|  |  |
|---|---|
| A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE | **ANSWER** |
| Defendant. | |

-------------------------------------------------------------x

Defendants, A.P. MOLLER-MAERSK A/S trading as MAERSK SEALAND; (hereinafter "MAERSK Defendants" or "Answering Defendants"), by their attorneys, Freehill, Hogan & Mahar, responding to the Complaint of the plaintiff herein, allege upon information and belief as follows:

1.      Admit that to the extent Plaintiff has alleged damages arising out of a contract of carriage of goods by sea, that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of

this Court, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint.

3.      Admit that the MAERSK defendants are engaged in the common carriage of merchandise by water for hire, that defendant A.P. MOLLER-MAERSK A/S is a foreign corporation, and that MAERSK LINE is a trade name, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint.

5.      Admit that the MAERSK Defendants agreed to carry the subject shipment pursuant to the terms and conditions of the applicable bills of lading/contract of carriage, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Admit that the MAERSK Defendants agreed to carry the subject shipment pursuant to the terms and conditions of the applicable bills of lading/contract of carriage, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph 6 of the Complaint.

3

7.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Admit that plaintiff has made a claim for damages, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph 11 of the Complaint.

AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES
FIRST AFFIRMATIVE DEFENSE

12.     The Complaint fails to state a claim against these Answering Defendants upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

13.     The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of

4

the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

14.     The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any loss or damage to the goods, which is denied, was due to a cause or causes for which these Answering Defendants are not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

15.     Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendants, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not these Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

16.    If any loss, shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by these Answering Defendants, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of these Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

17.    If any loss, shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss, shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

## SEVENTH AFFIRMATIVE DEFENSE

18.    The Plaintiff is not the real party in interest to this suit.

## EIGHTH AFFIRMATIVE DEFENSE

19.    Plaintiff failed to give timely notice of this claim.  The claim is time barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

20.    Any liability of these Answering Defendants, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts

of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

21.    The Court lacks *in personam* jurisdiction over these Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

22.    MAERSK LINE is a trade name and as such cannot be held responsible for any claims for loss or damage relating to the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

23.    This litigation must be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### THIRTEENTH AFFIRMATIVE DEFENSE

24.    The alleged loss was the result of a theft/hijacking for which the Defendant does not have liability pursuant to the applicable law and/or contract of carriage.

WHEREFORE, Defendant, A.P. MOLLER-MAERSK A/S trading as MAERSK LINE, prays that a decree be entered dismissing the Complaint herein and that it be awarded all costs,

NYDOCS1/301279.3

expenses and attorney's fees incurred in connection with the defense of this action, and that this

Court grant said Defendant such other and different relief as this Court may deem just and proper.

Dated: New York, New York
       May 8, 2008

> FREEHILL, HOGAN & MAHAR, LLP
> Attorneys for MAERSK  Defendants
>
> By: *William J. Pallas*
>      William J. Pallas (WP 6201)
>      80 Pine Street
>      New York, New York 10005-1759
>      (212) 425-1900

TO:  CASEY & BARNETT, LLC
     Attorneys for Plaintiff
     317 Madison Avenue
     New York, N.Y. 10017
     Att: Christopher M. Schierloh, Esq.